<table>
<tr><td>

</td><td>UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

</td><td></td></tr>
<tr><td>ROBERT MENDOZA,

            Petitioner,

   v.

PEOPLE OF THE STATE OF CALIFORNIA,

            Respondent.</td><td>Case No. 2:20-cv-06495-JVS-MAA

**ORDER DISMISSING PETITION AND DISMISSING ACTION WITHOUT PREJUDICE**</td></tr>
</table>

## I.  INTRODUCTION AND BACKGROUND

On July 21, 2020, the Court received and filed Petitioner Robert Mendoza's ("Petitioner") *pro se* petition for a writ of habeas corpus ("Petition").  (Pet., ECF No. 1.)  On July 23, 2020, in response to the filing of the Petition, the Court ordered Petitioner to file an amended petition incorporating a completed Form CV-69, this district's form for habeas petitions by individuals in state custody, by no later than September 23, 2020 ("July 23 Order").  (July 23 Or., ECF No. 3.)  The Court warned that failure to comply with the July 23 Order would result in a recommendation that the Petition be dismissed.  (*Id.*)  Both the July 23 Order and another document mailed to Petitioner by the Court were returned to the Court as undeliverable.  (ECF Nos. 5, 6.)

On October 19, 2020, the Court ordered Petitioner to show cause why the Petition should not be dismissed for failure to prosecute and failure to comply with a court order ("October 19 Order"). (Oct. 19, 2020 Or., ECF No. 7.) The Court noted that Petitioner had not responded to the July 23 Order. (*Id.* at 2.) Given that the July 23 Order was returned undelivered, the Court also notified Petitioner of his obligation to update his address in the event of his transfer or release. (*Id.* at 1–2.)

On October 22, 2020, the Court received and filed a handwritten letter from Petitioner ("October 22 Letter"). (Oct. 22, 2020 Letter, ECF No. 8.) The address on the October 22 Letter showed that Petitioner remained in custody at the Men's Central Jail. (*Id.* at 1, 3.[1])

On October 30, 2020, the Court issued an Order discharging the October 19 Order and ordering Petitioner to file an amended petition using Form CV-69 and to either pay the $5 filing fee or apply for leave to proceed *in forma pauperis* ("October 30 Order"). (Oct. 30, 2020 Or., ECF No. 9.)

On November 13, 2020, the Court received and filed another handwritten letter from Petitioner ("November 13 Letter"). (Nov. 13, 2020 Letter, ECF No. 10.) This letter is difficult to follow and appears to allege that the Court's October 30 Order to file an amended petition using Form CV-69 is part of a conspiracy to violate Petitioner's fundamental rights. (*Id.*)

On November 24, 2020, the Court issued another Order addressing Petitioner's allegations in the November 13 Letter and again ordering Petitioner to file an amended petition using Form CV-69 and to either pay the $5 filing fee or apply for leave to proceed *in forma pauperis* by December 14, 2020 ("November 24 Order"). (Nov. 24, 2020 Or., ECF No. 11.) The Court cautioned Petitioner that failure to comply by December 14, 2020 would result in a recommendation that the

---

[1] Pinpoint citations of Petitioner's filings in this Order refer to the page numbers appearing in the ECF-generated headers.

2

Petition be dismissed for failure to prosecute and failure to comply with a court order. (*Id.* at 3.)

On December 1, 2020, the Court's November 24 Order was returned as undeliverable. (ECF No. 12.) The stamp on the envelope indicates that Petitioner has been released. (*Id.* at 1.)

On February 23, 2021, in the absence of any correspondence from Petitioner, the Court issued another Order to Show Cause why the Petition should not be dismissed for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41 based on Petitioner's failure to comply with the Court's orders ("February 23 Order"). (Feb. 23, 2021 Or., ECF No. 15.) The Court also noted the requirements of Central District of California Local Civil Rule 41-6 ("Local Rule 41-6"):

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and phone number, if any, and email address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undeliverable by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

(*Id.* at 2 (quoting C.D. Cal. L.R. 41-6).) The Court ordered Petitioner to respond by March 25, 2021 and warned that failure to do so would result in dismissal. (*Id.* at 3.) Despite having received undelivered mail, the Court had no choice but to mail the February 23 Order to Petitioner's original address because Petitioner had not filed a notice of change of address. On March 8, 2021, this February 23 Order was returned as undeliverable. (ECF No. 16.) Again, the stamp on the envelope indicates that Petitioner has been released. (*Id.* at 1.)

To date, Petitioner has not responded to the Court's November 24 or February 23 Orders, nor has he notified the Court of any change of address.

II. ANALYSIS

    A.     Legal Standard

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that federal district courts have "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Dismissal, however, "is a harsh penalty and is to be imposed only in extreme circumstances." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (internal quotation marks omitted).

Before dismissing an action for failure to prosecute or for failure to comply with a court order, a district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

///

**B. The Factors Support Dismissal.**

    1. <u>The Public's Interest in Expeditious Resolution and the Court's Need to Manage its Docket</u>

The first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—generally are considered together. *See Prods. Liab. Litig.*, 460 F.3d at 1227; *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452 (9th Cir. 1994) (The first two factors are usually reviewed together "to determine if there is an unreasonable delay.").

Here, these factors weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *Prods. Liab. Litig.*, 460 F.3d at 1227. Thus, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *Prods. Liab. Litig.*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

To date, Petitioner has not complied with the Court's orders to submit an amended petition using Form CV-69 and to either pay the $5 filing fee or submit a request to proceed *in forma pauperis*. He has not filed any response to the Court's November 24 or February 23 Orders. Moreover, given the mail returned to the Court undelivered, it appears that Petitioner has failed to notify the Court promptly of any change of address, as required by Local Rule 41-6.

The Court concludes that Petitioner's failure to comply with these Court orders and failure to prosecute the lawsuit constitute unreasonable delay. *See Thomas v. Maricopa Cnty. Jail*, 265 Fed. App'x 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit

for failure to respond to a court order for almost three months). Petitioner's noncompliance and inaction also interfere with the public's interest in the expeditious resolution of this litigation and hinder the Court's ability to manage its docket. *See Prods. Liab. Litig.*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" (quoting *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994))). For these reasons, the first and second factors favor dismissal.

### 2. Risk of Prejudice to Respondent

The third factor also supports dismissal without prejudice. The risk of prejudice to a respondent is related to a petitioner's reason for failure to prosecute an action, even in cases such as this in which the respondent has not yet been ordered to respond to a habeas corpus petition. *See Pagtalunan*, 291 F.3d at 642. Here, Petitioner has offered no reason for failing to respond to the Court's November 24 or February 23 Orders. The absence of any reason indicates sufficient prejudice to Respondent. *See Yourish*, 191 F.3d at 991–92 (holding that a paltry excuse for default indicates sufficient prejudice to the defendants); *see also Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (holding that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute"). Moreover, the fact that these Orders were returned as undeliverable does not excuse Petitioner's failure to respond in light of Petitioner's obligation to notify the Court of any change of address. *See* C.D. Cal. L.R. 41-6.

### 3. Availability of Less Drastic Alternatives

The fourth factor also supports dismissal without prejudice. "Warning that failure to obey a court order will result in dismissal can itself meet the

'consideration of alternatives' requirement." *Prods. Liab. Litig.*, 460 F.3d at 1229 (citing, *inter alia*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991) ("Moreover, our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")). Here, rather than dismissing the Petition when Petitioner failed to respond to the November 24 Order, the Court issued the February 23 Order, warning Petitioner that the Petition would be dismissed if he did not respond by March 25, 2021. (Feb. 23, 2021 Or. at 3.) Petitioner failed to file a response that complied with this District's Local Rules.

4. <u>Public Policy Favoring Disposition of Cases on Their Merits</u>

The fifth factor weighs against dismissal. "We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *Prods. Liab. Litig.*, 460 F.3d at 1228 (citing *Hernandez*, 138 F.3d at 399). On the other hand, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (citations omitted). Thus, this factor alone does not preclude dismissal.

**C.     Dismissal of this Action is Appropriate.**

As discussed above, Petitioner's failure to comply with Court orders and failure to prosecute this action constitute unreasonable delay. In addition, four of the dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

///

The Court concludes that dismissal of this action for failure to comply with Court orders and failure to prosecute is warranted. However, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal should be without prejudice.

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that (1) the Petition is **DISMISSED** for failure to comply with court orders and failure to prosecute, and (2) the Clerk is directed to enter judgment dismissing this action without prejudice.

### IV.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court has considered whether a certificate of appealability is warranted. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court concludes that a certificate of appealability is not warranted; thus, a certificate of appealability is **DENIED**.

DATED:  May 24, 2021

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

8